## BRAMAN, Administrator, *v.* HOWK.

In debt against *A.* and *B.* on a joint and several bond, for the payment of 515. dollars in United States' bank notes, judgment was rendered against *A.* for. 124 dollars and 81 cents, and, on demurrer to the declaration, in favour of *B. Held*, that covenant would afterwards lie against *B.* alone on the same obligation.

*Held*, also, that the plea of *B.'s* being only a surety in the bond, and the obligee's having given to *A.*, before the bond became due, a further time of six months for payment, in consideration of *A.'s* agreement to pay him 20 per cent. per ann. interest for the delay, was no bar to the action against *B.*

*Saturday,
November* 19.

ERROR to the *Clark* Circuit Court.

HOLMAN, J.—*J. Braman*, administrator of *G. Braman*, deceased, brought this action of covenant against *I. Howk*, on a joint and several obligation, executed by *I. Howk* and *J. Weathers* to *G. Braman*, in his life-time, for the payment of 515 dollars in *United States'* bank notes. The defendant pleaded, that

an action of debt had been previously brought by *G. Braman* in his life-time, against both *Howk* and *Weathers*, on the same obligation; and by the consideration of the Court in that case, the plaintiff recovered judgment against *Weathers* for 124 dollars and 81 cents, and costs of suit; and by the consideration of the Court in the same case, the defendant obtained judgment; which judgment remains in full force. The plaintiff replied that said judgment, in favour of said defendant, was rendered on a demurrer to the declaration, without in any manner trying the merits of the plaintiff's action. The defendant demurred and had judgment on the demurrer.

The recovery of the judgment against *Weathers* was no bar to the action against *Howk;* and the recovery of judgment by *Howk*, on a demurrer to the plaintiff's declaration, when the merits were not tried, was no bar to this action for the same demand. We determined this point in the case of *Stevens* v. *Dunbar*, July term, 1820 (1). See also *Lepping* v. *Kedgewin*, 1 Mod. 207. If the first action for this demand was an action of debt, as stated in the plea, the defendant was entitled to succeed on demurrer, because, agreeably to the repeated decisions of this Court, an action of debt would not lie. But that judgment would not preclude the plaintiff from bringing a right action. This demurrer should have been overruled.

The defendant pleaded a second plea; that the obligation was given in consideration of a loan of 257 dollars and 50 cents to the defendant, and of the same amount to *Weathers*, and that they signed the obligation as sureties for each other; that before the commencement of this suit the defendant paid his half of the demand; and that *G. Braman* in his life-time, before the obligation became due, gave the said *Weathers* further time of payment for six months, without the defendant's consent, in consideration of the agreement of *Weathers* to pay him 20 per cent. per annum interest for the delay. To this plea there was a demurrer and judgment for defendant. We really see nothing in this plea to bar the action. Admitting *Howk* to be the surety of *Weathers* for one half the demand, (the only part remaining due,) we see nothing, either in the further time given for payment, or in the consideration of that forbearance, that can exonerate him from the action. An obligee, by giving further day of payment to the principal obligor without the consent of the surety, does not thereby release the surety. There is a

method prescribed by the act of assembly, whereby a surety may discharge himself from liability, if the creditor fail or refuse to sue for his demand; Stat. 1823, p. 377; but that method was not pursued, and the forbearance alone was no discharge. Nor does the alleged consideration for this forbearance alter the case. If that consideration was a promise to pay usurious interest, there is no averment that any such interest was paid; consequently the case is not affected by it as a bar to the action. This demurrer should have been sustained (2).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*Naylor*, for the plaintiff.
*Nelson*, for the defendant.

(1) Ante, p. 56.

(2) In an action on a contract against a person, liable only as a surety, it is a good defence—that the creditor has given time to the principal, without the defendant's consent. This defence originated in the Court of chancery, and is now, even in contracts under seal, recognized at law. The reason for it is this: The surety has a right by a bill in equity quia timet, or by a written notice under our statute in a Court of law, to compel the creditor to sue the principal as soon as the debt becomes due. He may also, should he prefer it, pay the debt when due, and immediately bring an action himself against the principal. These rights of the surety are inseparably connected with his obligation, and can be impaired by no contract not sanctioned by him. When the creditor, without the concurrence of the surety, makes a new and valid agreement with the principal, giving him further time for payment, he abridges the rights of the surety and must take the consequence. The surety being deprived, by such an agreement, of his remedy against the principal, is absolved from the obligation. It must be observed, however, that a mere delay or forbearance to sue the principal, for any period, is no defence to the surety. The agreement for delay must be founded on a valid consideration; and be such a one as will tie up, for a time, the creditor's right of action. 1 Madd. Ch. 2d ed. 233—236.—Chitt. on Bills, Phil. ed. 1821, p. 373, 4.—3 Stark. Ev. 1389, 1390.—*Heath* v. *Key*, 1 Youn. & Jerv. 434.—*Philpot* v. *Briant*, 4 Bing. 717.—*Eyre* v. *Everett*, 2 Russ. 381.—*United States* v. *The Admrs. of Hillegas*, 3 Wash. R. 70.—2 Rand. 334.

On the subject of this defence at law by the surety, where his contract is under seal, the following cases have recently occurred. Debt on a surety-bond, conditioned for the future payment of money by the principal. Plea in bar, that the plaintiff had by a parol agreement, without the defendant's privity, given time to the debtor to pay by instalments. This plea, on demurrer, was adjudged insufficient. The ground of the decision is, that the obligee had not disabled himself in law from proceeding on the bond at any time—a parol agreement not affecting at law the operation of a bond; and that the defendant, if entitled to redress, must go into chancery. *Davey* v. *Prendergrass*, 5 Barn. & Ald. 187. The other case was debt on a similar

bond. Plea, that after the day of payment, the plaintiff by agreement with the principal allowed him further time, without the defendant's consent. Judgment on demurrer for the plaintiff. The Court held, that a parol agreement of the creditor, giving further time to the principal, made *before* the bond was due, is a good defence at law for the surety. But that where, as in the case before them, such agreement was made *after* the time for payment had elapsed, and the bond had become forfeited, the surety must resort for relief to a Court of equity. *United States* v. *Howell,* 4 Wash. R. 620.

The situation of bail to the sheriff or to the action, is similar to that of sureties. The right to surrender the principal at any time, is a part of their contract. If the creditor abridge that right, by giving time to the principal, the bail are no longer liable. *Melvill* v. *Glendining,* 7 Taunt. 126. Hence the bail are discharged where, without their consent, a cognovit is taken from the principal debtor with a stay of execution for a longer time than he would have had, if the plaintiff had proceeded to judgment in the ordinary course. *Croft* v. *Johnson,* 5 Taunt. 319.—*Hume* v. *Coles,* 2 Simons, 12.—*Stevenson* v. *Roche,* 9 Barn. & Cress. 707. Vide, also, *Rathbone* v. *Warren,* 10 Johns. R. 587.—Note to *Lewis* v. *Brackenridge,* ante, p. 117. In these cases of bail, relief is obtained by a special application to the Court, founded on an affidavit of the facts. *Davey* v. *Prendergrass,* supra. Per *Abbott,* C. J. With respect to sureties in a replevin-bond, it was at first held that they were not discharged by time given to the plaintiff in replevin, without their privity, by a reference of the cause to arbitrators. *Moore* v. *Bowmaker,* 6 Taunt. 379; 7 id. 97. But that decision is now overruled; it being considered that the surety, under those circumstances, has a right to say, non hæc in fœdera veni. *Moore* v. *Bowmaker,* 3 Price, 214.—*Archer* v. *Hale,* 4 Bing. 464.

The law is the same in cases arising on bills of exchange and promissory notes. If the holder give time to the acceptor of a bill or the maker of a note, by a valid contract, without the concurrence of the other parties, they are discharged, though due notice has been given, of the non-payment. Chitt. on Bills, 370—383.—2 Stark. Ev. 289, 290.—*Hewet* v. *Goodrick,* 2 Car. & Payne, 468. This defence is admissible under the general issue. Ibid. There must be a valid consideration, however, for the agreement to give time. Ibid.—*M'Lemore* v. *Powell,* 12 Wheat. 554. An oral promise by the executor of the acceptor to pay the holder out of his own estate, is not a sufficient consideration for such an agreement. *Philpot* v. *Briant,* 4 Bing. 717.