HARTER and Another *v.* MOORE.

HARTER
*v.*
MOORE.

A *sealed* note executed in the name of a firm of *Is. V. Harter & Co.*, purports to bind only *Harter;* and a third person, therefore, executing such note as surety, supposing it to be the note of the firm, cannot complain that a fraud was committed on him, though the note was for the private debt of Harter.

The defence of a surety—that the creditor has given time to the principal, &c., is not valid, unless it appear that the agreement for delay was founded on a valid consideration.

ERROR to the *Tippecanoe* Circuit Court.

DEWEY, J.—*Moore* sued *Harter* and *Hanna* on three sealed notes for 100 dollars each with ten *per cent.* interest, describing them in his declaration as being executed by *Harter* in the name and style of " *Is. V. Harter & Co.,*" and by *Hanna* in his own proper name; *Harter* did not, appear to the action, and an interlocutory judgment was entered against him. *Hanna* craved *oyer* of the notes, which was granted; the notes purported to be executed by *Is. V. Harter & Co.*, and by *Hanna* with the word " surety" affixed to his name. *Hanna* pleaded, 1st, That the notes had been procured from him by fraud, &c.; on this plea there was issue; verdict for plaintiff, and final judgment against both defendants; *Hanna* also pleaded, 2dly, That *Harter* and one *Taylor* had been copartners in trade under the firm of *Isaac V. Harter & Co.*, but that the partnership was dissolved before the execution of the notes; that *Hanna* was ignorant of the dissolution when he signed them, and believed *Taylor* was a party to and bound by them, or he would not have executed them; 3dly, The same facts contained in the second plea, with the additional averment that *Moore* knew the dissolution had taken place, and omitting the allegation that *Hanna* would not have executed the notes had he known that *Taylor* was not bound by them; 4thly, That, after the maturity of the notes, *Moore,* without the knowledge or consent of *Hanna,* gave further time to *Harter,* in consideration that the latter had agreed to pay him ten *per cent.* on the notes; 5thly, The same as the second plea excepting the conclusion, which gives the plea the form of a special *non est*

*factum.* The plaintiff demurred generally to the four last pleas, and the Court sustained the demurrers.

The second, third, and fifth pleas, set up substantially the same matter in defence; the inquiry is, Does any of them contain a good bar? In the case of *Hagar et al.* v. *Mounts,* this Court decided that a promissory note, knowingly taken by a creditor of one partner for his separate debt, but signed by such partner in the name of the firm, without the consent of his copartner, and executed also by a person who supposed he was surety for the firm, was not binding upon the partner who was a stranger to the consideration, nor upon the surety. 3 Blackf. 57. That decision, so far as the surety was concerned, turned upon the principle that, as the note appeared upon its face to be the note of the firm, and as he believed he had the responsibility of the firm for his indemnity, when in fact one of the partners was not bound in consequence of the consideration being the private debt of the other partner, the transaction was a fraud upon him. But this case is distinguishable from that of *Hagar et al.* v. *Mounts,* because it is founded on specialties. The sealed notes in this case do not, on their face, purport to be the deeds of *Taylor.* They would not bind him even if the partnership had been in existence at the time of their execution, and they had been for a debt due from the firm, unless he had specially authorized their execution in the name of the firm. The dissolution of the partnership was an immaterial fact. If *Hanna* meant to look to *Taylor* for indemnity, he should have inquired into *Harter's* authority to bind him, for there was no reason to suppose, from the face of the papers, that *Taylor* was bound by them. *Hanna* cannot, therefore, in legal contemplation, complain that a fraud was practised upon him by the transaction set out in the pleas under consideration.

The fourth plea, which alleges that *Moore* gave further time to *Harter,* is bad for not showing a valid contract to that effect. The plea avers, that in consideration that *Harter* had agreed to pay ten *per cent.* interest on the notes, *Moore* contracted to prolong the time of payment. The notes upon their face drew ten *per cent.* interest; therefore no consideration is shown for the agreement to postpone the payment,

which, for that reason, were there no other, was not binding upon *Moore*, and could not affect the rights of the surety. *Braman* v. *Howk*, 1 Blackf. 392, and n. 2.—*Naylor* v. *Moody*, 3 Blackf. 92.—*Coman* v. *The State*, 4 Blackf. 241.

All the demurrers were correctly sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*R. A. Lockwood* and *D. Mace*, for the plaintiffs.

*A. Ingram* and *Z. Baird*, for the defendant.