## GILDER v. JETER.

1. A usnrious contract with the principal debtor, to give day of payment, will not discharge the surety, although the delay is actually given in pursuance of the contract.

Error to the Circuit Court of Chambers.

ASSUMPSIT, by Jeter against Gilder, on a promissory note made by him and McHenry & Co. dated 1st June, 1838, and payable on the 1st January, 1839.

At the trial, there was evidence conducing to show, that McHenry & Co. were the principal debtors, and Gilder their surety. After the note fell due, McHenry & Co. gave the plaintiff their promissory note for an additional eight per cent. on the amount due on the note, as an inducement to him to wait with them another year, and for this the plaintiff thereupon agreed to wait with them another year, and did so wait. There was no proof that Gilder assented to this indulgence,

or even that he knew of the arrangement. There was no other consideration for the promissory note last given, than the delay of payment on the other, that in the mean time drawing lawful interest. The proof also conduced to show, the McHenrys at the maturity of the first note, had much property, and were then solvent, but became insolvent before the expiration of the year.

On this state of proof the court charged the jury, that the giving of a note under the circumstances disclosed, was not in law a valuable consideration, and if the plaintiff on such consideration promised to indulge McHenry & Co., and had indulged them, without the knowledge of Gilder, the surety, then such promise and indulgence would not discharge him from liability on the note.

The defendant excepted to this charge, and now assigns it as error.

ROBINSON and REESE, for the plaintiff in error, insisted—

1. That the contract to pay usurious interest, although not binding on the promisor, should be considered as valid against the other party. Such is the rule when a contract is made with an infant. [Bingham on Infancy, 9.] At any rate the contract was valid until disaffirmed by the promisors, and therefore is so to discharge the surety. [Cook v. Dyer, 3 Ala. R. 643.

2. The contract to give day, although founded on a void or illusory consideration, will, if the delay is given, discharge the surety. [King v. Baldwin, 2 Johnson's Chancery, 559; Reese v. Barrington, 2 Vesey, 540; Ludlow v. Simons, 2 Caines Cases, 1; 18 Vesey, 20; Kirby, 379.]

3. When time is given, or any alteration made in the contract, the surety is discharged. [Ellis v. Bibb, 2 Stew. 63; Inge v. Bank at Mobile, 8 Porter, 108; Comegys v. Booth, 3 Stewart, 14; McKay v. Dodge, 5 Ala. Rep. 388.] And a different doctrine applied to this case, would enable the usurer to take advantage of his own wrong, without pretence that the other and injured party, was not willing to abide the contract. [Cook v. Dyer, 3 Ala. Rep. 643.]

33

S. F. RICE, for the defendant in error, insissed, that a usurious contract for indulgence is wholly void, and does not discharge a surety. [Wilson v. Langford, 5 Humph. 320.] Neither will a gratuitous promise to indulge the principal discharge the surety. [Pope v. Martin, 6 Ala. Rep. 532; Agee v. Steele, 8 Ib. 948; Wilson v. Bank of Orleans, 9 Ib. 847; Armstead v. Thomas, Ib. 586; Shipping v. Eastwood, Ib. 198.]

GOLDTHWAITE, J.—There is no question at this day, that the giving of time to the principal debtor, has the effect to discharge the surety, and there are many cases in our own court on this subject. But in all cases of this nature, the time so given must be by a contract which is binding, and it is on this ground, that an agreement without consideration, is said not to produce this effect. In Philpot v. Brant, 4 Bing. 717, an executrix promised the holder of the bill, of which her testator was the acceptor, if he would let the matter stand over, she would engage to pay it out of her private income. The holder agreed he would wait a reasonable time if the interest was paid, and in pursuance of this agreement, interest was paid out of the private income of the executrix. This was held not to discharge the subsequent parties on the bill for the reason that the promise by the executrix, to pay the bill out of her own estate, was void, by the statute of frauds. The reason on which the surety is discharged by the giving of day to the principal, is, that his hands are tied up in regard to the principal debtor, and as the surety has the right to proceed immediately upon paying the debt, this right is gone by the giving of day. [Pitman on P. & S.]

It is evident that no other than a legal contract can produce this effect, and therefore, if the plaintiff in this case had sued the principal debtor, before the expiration of the year, the latter could not be permitted to invoke the usurious contract to delay the suit; and as he could not claim delay under it, so neither can his surety urge, that it prevented him from paying and immediately sueing. The analogy supposed to exist between this contract and one made with an infant, fails, for the reason that the contract with the infant is voidable only, and not void or illegal. Nor can the party

have aid from the principle settled in Cook v. Dyer, 3 Ala. Rep. 643, as here, he is obliged to set up the usurious contract as valid, before his right can be established.

Independent of the reasoning on which we think the charge of the circuit judge sustained the decision, Wilson v. Langford, 5 Hump. 320, is precisely in point, as is also Kyle v. Bostick, 10 Ala. Rep. 589.]

We have only to add, that the judgment is affirmed.