May Term, 1851.

CARR
v.
MOORE.

---

CARR and Another *v.* MOORE.

Debt on a bond given to a school commissioner, signed by *A.*, *C.*, and *P.* As to *P.*, the bond was a forgery. The bond was delivered to *C.* to be signed and sealed, and it was re-delivered to the commissioner, by *A.* and *C.*, perfected. The commissioner was ignorant of the forgery, the name of *P.* having been placed on the bond after its delivery to *C.* for the signatures. *Held*, that *A.* was liable on the bond.

*Tuesday, June 3.*

ERROR to the *Clark* Circuit Court.

PERKINS, J.—Debt upon a bond given to a school commissioner to secure a loan from the school fund, against *Carr*, the principal in the bond, and *Parr* and *Athon*, the sureties. *Carr* made default. *Parr* pleaded *non est factum*, and it being conceded that, as to him, the bond was a forgery, his name was stricken from the writ and declaration, by way of amendment, and the cause proceeded against the other defendants. *Athon* pleaded that the bond was obtained from him by fraud. Issue, trial, and judgment for the plaintiff.

The following are the facts : The names to the bond were in the following order, viz : *Carr, Parr, Athon.* "It was admitted that the signature and seal of *Parr* were forgeries; that the names of the obligors in the body of the bond were in the hand-writing of *James Boyer*, at the time of the execution of this bond school commissioner of *Clark* county; that said bond was, by said *Boyer*, before the sealing thereof, delivered to said *Carr*, to be perfected; and that the same was, by said *Carr* and *Athon*, re-delivered to said commissioner as their act and deed."

It is claimed by *Athon* that, when he signed the bond, the name of *Parr* was already to it as surety; that he, *Athon*, signed it simply as co-surety with *Parr*, when the latter was not in fact liable; and that this circumstance amounts to a fraud upon him, *Athon*.

Had it been shown that the school commissioner who took the bond presented it to *Athon* for signature with the name of *Parr* already upon it as such, perhaps it might have been regarded as a representation, by said commissioner, that *Parr* had executed the bond, and have amounted to fraud. But this fact is not shown. For aught that appears, *Athon* may have known, when he and *Carr* delivered the bond as their deed, that the name of *Parr* was a forgery. And had *Carr* induced *Athon* by fraud to execute the bond, still the school commissioner, being ignorant of the fact, could not, we suppose, be affected by it. At all events, the evidence does not show that any one misrepresented the facts to *Athon*. See *The State* v. *Van Pelt*, in this Court, *November* term, 1848 (1), and *Harter* v. *Moore*, 5 Blackf. 367.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*J. G. Marshall*, for the plaintiffs.

*J. Dewey*, for the defendant.

(1) See 1 Carter's Ind. R. 304.