May Term,
1857.

COLERICK
v.
McCLEAS.

*H. W. Chase* and *J. A. Wilstach*, for the appellants.

*R. C. Gregory* and *R. Jones*, for the appellee (2).

(1) See *The New Albany,* &c., *Railroad Co.* v. *Chamberlain,* 8 Ind. R. 278; *Id.* v. *Laiman, Id.* 212.

(2) Counsel for the appellee cited Allen on Sheriffs, p. 75, and cases cited, and Story on Agency, s. 17.

---

### COLERICK and Others *v.* McCLEAS.

Under the statute of 1838, notice by a surety to the holder of a promissory note to sue the principal, must be in writing.

May Term,
1857.

COLERICK
v.
McCLEAS.

Thursday,
June 4.

APPEAL from the *Allen* Circuit Court.

PERKINS, J.—Suit upon a promissory note under seal, instituted in 1841.

*Colerick*, one of the defendants, pleaded that he was a surety only, on the note, and that in 1838, (without specifying the month or day) he verbally notified the attorney of the plaintiff to sue the principals, who were then solvent; and he further averred that suit was not brought pursuant to said notice, but was fraudulently delayed till the principals had become insolvent, when suit was brought against them and the surety jointly.

Demurrer to the plea sustained, and judgment for the plaintiff.

The demurrer was sustained on the ground that the statute required a written notice, and, hence, that a verbal one was no notice. To this it is now answered, that the statute was affirmative and cumulative merely, and, hence, did not render invalid a verbal notice, good at common law.

But there is this difficulty in adopting such a proposition. If a verbal notice was good at common law, much more must a written one have been good at common law. Hence, the statute, upon the proposition, amounted to nothing. We must, therefore, conclude that the statute was intended to declare that the written notice only should thereafter be valid. It meant this or nothing. This Court has acted upon such a view of the statute in a decided case. *Carr* v. *Howard*, 8 Blackf. 190. That case seems parallel with the present. See, also, *Overturf* v. *Martin*, 2 Ind. R. 507 (1).

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*D. H. Colerick* and *R. L. Walpole*, for the appellants (2).
*R. Brackenridge*, for the appellee.

(1) See, also, 7 Ohio R. 72, pt. 1st.
(2) *Colerick*, for the appellant, made the following points :
1. Whether a surety has been discharged or not, is a question of law. *People* v. *Jansen*, 7 Johns. 336.—*Rees* v. *Berrington*, 2 Ves. Jr. 542. In the case of *King* v. *Baldwin*, 17 Johns. 384, the principle recognized in the case of *Pain* v.