## Hogshead v. Williams et al.

55 145<br>138 169

PRINCIPAL AND SURETY.—*Delay of Judgment Creditor in Issuing Execution.— Insolvency of Principal.*—Though contrary to the request of the surety, and during its continuance the principal becomes insolvent, a voluntary delay, by a judgment creditor, in issuing execution upon a judgment obtained against such principal and surety, as such, before a justice of the peace, does not discharge such surety, though the principal remain solvent for a sufficient period, after the rendition of such judgment, for the amount thereof to be made by execution.

SAME.—*Surety may Protect Himself.—How.*—Where, in a suit against a principal and surety, the latter desires to protect himself against a probable future insolvency of the former, he may, at the time judgment therein is rendered, object to granting any stay of execution, or he may pay off said judgment and have execution thereon for his own benefit.

From the Daviess Circuit Court.

*J. W. Burton* and *J. W. Ogdon,* for appellant.

NIBLACK, J.—The appellant was the plaintiff, and the appellees were the defendants, in the court below.

The complaint alleges "that heretofore, to wit, on the 22d day of June, 1872, the said James Williams, as the

assignee of one James Crabb, brought suit, on a note, against the plaintiff, as surety, and one William M. Spencer, as the principal therein, before Burrill F. Meredith, a justice of the peace in and for Washington township, Daviess county, Indiana, and on the 22d day of June, 1872, obtained judgment thereon against the plaintiff, as surety, and against the said William M. Spencer, as the principal in said note, for the sum of one hundred and seventy-three dollars, with costs taxed at four dollars and thirty-five cents; and the plaintiff says that the said James Williams afterwards, on the 30th day of June, 1872, ordered the said justice not to issue any execution on said judgment, although the said William M. Spencer then had a sufficiency of property to satisfy said judgment, subject to levy and sale, in said township and county, and although the plaintiff expressly requested him, the said Williams, to have an execution issued on said judgment.

"The plaintiff further says, that, at the time of ordering the justice not to issue an execution on said judgment, as aforesaid, he, said Williams, well knew that the said Spencer had a sufficiency of property, subject to levy and sale, as aforesaid, to fully pay and satisfy said judgment and costs.

"The plaintiff further avers, that the said James Williams owned and controlled said judgment, from the time of the rendition thereof until the 26th day of February, 1874, during all of which time no execution was issued on said judgment, on account of the aforesaid order to such justice, although the said Spencer, during all that time, had a sufficiency of property subject to levy and sale, to satisfy the same, which said Williams well knew, and although the plaintiff ordered the said Williams, repeatedly, to issue an execution thereon, and enforce the payment of said judgment from the said Spencer.

"The plaintiff further says, that, on the 26th day of

February, 1874, the said Williams sold and assigned said judgment to the defendant Richard Bruner, who ordered and had an execution to issue on said judgment, on the 15th day of June, 1874, with full knowledge of the prior acts of his assignor, James Williams, and with full knowledge of all the facts hereinbefore stated, and of the rights and equities of the plaintiff herein, which said execution was delivered to the defendant Richard W. Meredith, then duly qualified and the acting constable in said cause, and that the said Richard W. Meredith had and held said execution until the 6th day of May, 1875, during which time he, the said Meredith, made no effort to collect the same by levy and sale or otherwise, although the said Spencer, at all times, had a sufficiency of property subject to levy and sale, to satisfy said judgment.

" The plaintiff further says, that, on the said 6th day of May, 1875, the said Bruner caused another execution to issue on said judgment, to the said Richard W. Meredith, as such constable, and that the said Richard W. Meredith is now threatening to levy upon, and make sale of, the plaintiff's property to satisfy the same; * * * that the said William M. Spencer is now notoriously insolvent, and has no property subject to execution, with which to satisfy said execution or any part thereof.

" Wherefore the plaintiff asks that the said Williams and Bruner be perpetually restrained and enjoined from asserting any claim against the plaintiff on account of said judgment, and that the said Richard W. Meredith and his successors in office be forever restrained, enjoined and inhibited from proceeding to collect said judgment, as against the plaintiff, and for all other proper relief in the premises."

A transcript of the proceedings and judgment before the justice were filed with the complaint, and made an exhibit in the cause.

The defendants demurred to the complaint, alleging, as a ground of objection, that it did not state facts sufficient

to constitute a cause of action. The court sustained the demurrer, to which the plaintiff excepted, and judgment on the demurrer was rendered in favor of the defendants.

. The appellant has assigned for error the action of the court below in sustaining said demurrer, and thus the sufficiency of the complaint is the only question submitted to us for our consideration.

. It is a well settled principle of law, in this State, that the gratuitous giving of time by a creditor to his principal debtor does not discharge the surety. *Carr* v. *Howard*, 8 Blackf. 190; *Braman* v. *Howk*, 1 Blackf. 392; *Colerick* v. *McCleas*, 9 Ind. 245; *Harter* v. *Moore*, 5 Blackf. 367; *Kirby* v. *Studebaker*, 15 Ind. 45; *Naylor* v. *Moody*, 3 Blackf. 92; *Coman* v. *The State, ex rel.*, etc., 4 Blackf. 241; *Barker* v. *M'Clure*, 2 Blackf. 14; *Menifee* v. *Clark*, 35 Ind. 304.

Time given, without consideration, by the creditor, to the debtor, and without the consent of the surety, will not discharge the surety. *Shook* v. *The Board of Commissioners*, etc., 6 Ind. 461; *Cheek* v. *Glass*, 3 Ind. 286; *Shook* v. *The State, ex rel.*, etc., 6 Ind. 113; *Halstead* v. *Brown*, 17 Ind. 202.

There is no allegation in the complaint before us, that there was any consideration for the extension complained of, or that it was given upon any contract or agreement, which, in any manner, restrained the appellees or any one or more of them. The alleged request of Williams to · the justice, not to issue execution on the judgment, did not restrain Williams from having an execution upon it, when otherwise entitled to it. For aught that appears in the complaint, the request was without consideration, and might have been recalled at any time.

The appellant might, when the judgment was rendered, have objected to the stay of execution upon it. See 2 R. S. 1876, p. 205, sec. 430. But it is not shown that he did so.

The appellant avers that he repeatedly requested the

said Williams, while he was the owner of the judgment, to have execution issued upon it, but that he failed and neglected to do so.    We are not aware of any provision of law which releases the appellant on that account.    In our State, a surety can be released only by affirmative action of his own, under some provision of the statute. See *Halstead* v. *Brown*, above quoted.

The appellant might, at any time after it was rendered, have paid off the judgment and assumed the collection of it for his own use.    See, also, 2 R. S. 1876, p. 279, sec. 676.    This, however, it seems, he did not do.

Upon the facts alleged in the complaint, the appellant must be presumed to have acquiesced in the delay he complains of, and we think the court committed no error in sustaining the demurrer to the complaint.

The judgment is affirmed, with costs.