### JERAULD *v.* TRIPPET ET AL.

PRINCIPAL AND SURETY IN JUDGMENT.—*Mere Delay in Levying Execution does not Release Surety.—Attorney.*—Mere delay in levying execution upon the property of the principal in a judgment rendered against a principal and surety as such will not discharge the surety, though procured by the positive direction of the judgment plaintiff or nis attorney, and though, during such delay, the principal disposes of all his property subject to execution.

From the Gibson Circuit Court.

*J. E. McCullough* and *W. M. Land,* for appellant.

*T. R. Paxton,* for appellees.

BIDDLE, J.—Complaint by the appellant against the appellees. The substance of the averments may be briefly stated as follows:

That, on the 3d day of February, 1873, by the consideration of the Gibson Circuit Court, Caleb Trippet, Jacob Hargrove, William T. Stilwell and Richard M. J. Miller recovered judgment against Andrew Lewis and the appellant, in an action on a promissory note executed by Lewis as principal and the appellant as his surety; that, upon

issue made, the court found that Lewis was the principal in the note, and the appellant surety, and adjudged that any execution to be issued on said judgment should be first levied on the property of the principal, which should be exhausted before any levy was to be made on the property of the appellant, and that there should be no stay of execution, unless the bail for the stay would undertake specially to pay said judgment in case the same could not be levied of the property of Lewis; that, on the 28th day of February, 1873, execution was issued on said judgment, against the property of Lewis and the appellant, upon which no levy was ever made, but which was returned by the sheriff as follows:

"This writ having expired is returned unsatisfied. November 7th, 1873."

That, on the 30th day of December, 1873, another execution was issued on said judgment, against the property of Lewis and the appellant, upon which no levy was ever made, and which was returned by the sheriff as follows:

"Came to hand December 30th, at 4 o'clock p. m. This writ is hereby returned unsatisfied. July 24th, 1874."

That, on the 12th day of August, 1874, another execution was issued on said judgment, against the property of Lewis and the appellant, and delivered to the sheriff; that, while said writ was in the hands of the sheriff, and before it had expired, the said Richard M. J. Miller, one of the judgment plaintiffs and attorney for the appellees, ordered said sheriff not to levy said execution on the property of Lewis, and to "hold the same up," and accordingly the sheriff returned said execution as follows:

"Came to hand August 12th, 1874, at 4 o'clock p. m. This writ having been held by order of plaintiffs' attorney, it is returned unsatisfied."

That said order was given to said sheriff without the appellant's knowledge or consent, and the appellant nev-

er directed or consented to the delay in issuing said several executions, nor to the delay in levying the same after they were issued; that, at the time of the rendition of said judgment, and for two months thereafter, said Lewis was the owner and in possession of a large amount of personal property, in said county, to wit, of the value of eight thousand dollars, subject to execution; that Lewis continued to own a large amount of personal property subject to execution in said county, amounting to the sum of two thousand five hundred dollars, until the 26th day of February, 1875, when he sold the same to one James L. Thornton; that the residue of said property was sold and disposed of by Lewis between the date of the judgment and the said 26th day of February; that said order to "hold up" said execution was never revoked, or any other execution issued on said judgment, until long after the said 26th day of February, 1875; that, on the 20th day of January, 1875, said Trippet, Hargrove and Miller assigned said judgment to the defendant herein, William P. Welborn, receiver of the Gibson County Bank, who assigned the same on the 3d day of March, 1876, to the defendant Thomas R. Paxton; that, ever since the said 26th day of February, 1875, Lewis has had no property on which an execution could be levied, or out of which any part of said judgment could be made; that, on the 2d day of July, 1876, another execution was issued on said judgment, against the property of Lewis and the appellant, and delivered to the sheriff, Francis W. Hauss, defendant herein, which is now in his hands for collection; that Lewis has no property subject to execution, and said sheriff is threatening to levy, and will levy, said execution on the property of the appellant, if he is not restrained by this court therefrom.

Prayer for a restraining order to prevent the threatened levy, and, finally, for a perpetual injunction to restrain the collection of the judgment.

The proper exhibits were filed with the complaint.

A demurrer alleging as ground, that the said complaint does not state facts sufficient to constitute a cause of action, was sustained, and exceptions reserved. This ruling presents the sole question in the case.

The question involved in this case has recently been under the full consideration of this court, and its opinion delivered by NIBLACK, J., in the case of *Hogshead* v. *Williams*, 55 Ind. 145, and our own decisions therein collected. In considering the present case we have looked into the authorities generally, and find that our views are uniformly supported by the English and American decisions. *Bellows* v. *Lovell*, 5 Pick. 307; *Concord Bank* v. *Rogers*, 16 N. H. 9; *Barney* v. *Clark*, 46 N. H. 514; *Sawyer* v. *Bradford*, 6 Ala. 572; *Agee* v. *Steele*, 8 Ala. 948; *Armstead* v. *Thomas*, 9 Ala. 586; *Gilder* v. *Jeter*, 11 Ala. 256; *Hetherington* v. *Br. Bank, etc.*, 14 Ala. 68; *Crawford* v. *Gaulden*, 33 Ga. 172. *Hollingsworth* v. *Tanner*, 44 Ga. 11; *M'Kenny's Ex'rs* v. *Waller*, 1 Leigh, 434; *Alcock* v. *Hill*, 4 Leigh, 622; *Humphrey* v. *Hitt*, 6 Grat. 509; *Newell* v. *Hamer*, 4 How. Miss. 684; *The United States* v. *Simpson*, 3 Pen. 437; *Mundorff* v. *Singer*, 5 Watts, 172; *Bryant* v. *Rudisell*, 4 Heisk. 656; *Miller* v. *Porter*, 5 Humph. 294: *Melton* v. *Howard*, 7 How. Miss. 103; *Pickens* v. *Finney*, 12 Sm. & M. 468.

In the case of the *Union Bank of Tennessee* v. *Govan*, 10 Sm. & M. 333, a case almost identical with the one under consideration, the court, after an elaborate examination of the question, sum up their opinion as follows:

"In the next place, after execution issued, the plaintiff's attorney wrote a note to the sheriff in the following words: 'You will hold up the execution against A. R. Govan in favor of the Union Bank till you hear from me again.' The decisions of this court are conclusive on this point. This direction given to the sheriff is almost indentical with that which was given in the case of *Newell & Pierce* v.

*Hamer*, 4 Howard, 684, which was held not to discharge a surety. This case is weaker than that in one point of view. There the order was given by the plaintiff; here, it is given by the plaintiff's attorney. The principle there settled was, that an agreement which will discharge the surety, must be positive and binding, based upon a valuable consideration, sufficient to tie up and restrain the creditor during the time for which the indulgence was given. The same principle has been reasserted in all the subsequent cases where the question has been raised."

In the case we are now considering, there was no agreement to extend the time of the levy. It was a mere indulgence that could be countermanded at any moment, not founded upon any consideration; it did not change the obligation, and was not binding upon any person. The rights of the appellant to protect himself as surety were open to him continually from the time the judgment was rendered until he commenced this action. He could, at any time, have paid the debt and then have controlled the judgment for his own use. 2 R. S. 1876, p. 279, sec. 676.

According to well settled principles and the authorities cited, the facts alleged in the complaint do not constitute a cause of action, and the demurrer was properly sustained.

The judgment is affirmed, at the costs of the appellant.