No. 7565.

### STERNE *v.* THE BANK OF VINCENNES ET AL.

PRINCIPAL AND SURETY.—*Judgment.*—*Replevin Bail.*—*Abandonment of Lien by Return of Execution.*—*Consent of Creditor.*—*Release of Surety.*—Where a judgment is rendered against principals and sureties and an execution

against the property of the judgment defendants issued thereon, and the principals have personal property within the jurisdiction of the officer having the writ, on which it might be levied, and the same is returned with the consent of the creditor, although no levy had been made, the sureties are released to the extent of the amount that might have been made by proceeding with the writ, and which can not afterward be made available.

SAME.—*Consideration of Agreement.*—*Security of Judgment.*—Where the security of a judgment appears to have been the real consideration of an agreement to extend the time of payment of the judgment and withhold execution, and the security has not been given, the trouble and inconvenience of the judgment defendants in procuring sureties to enter themselves as replevin bail do not constitute a sufficient consideration to support the agreement to extend.

From the Gibson Circuit Court.

*J. E. McCullough, L. C. Embree, W. H. Trippet* and *M. W. Fields,* for appellant.

*F. W. Viehe, R. G. Evans* and *T. R. Paxton,* for appellees.

MORRIS, C.—This suit was commenced in the Gibson Circuit Court, by the appellant against the appellees, for the purpose of being relieved from a judgment, taken in said court against Jacob W. Hargrove and Caleb Trippet, as principals, and the appellant as surety. The complaint is in four paragraphs.

The appellees severally demurred to each paragraph of the complaint. The demurrers were sustained, and final judgment rendered in favor of the appellees.

A cross complaint was filed by the bank against its co-appellees, Jefferson Turpin and John Sloan. The bank also filed a cross complaint against its co-appellees, William L. Hargrove, William M. Cockrum, James H. McConnell, Edward Rickard and John C. Blythe. These cross complaints were dismissed on the motion of the defendants to the same. The cross complaints are made a part of the record by bill of exceptions.

The rulings of the court upon the several demurrers to the complaint are assigned by the appellant as error, and the Vincennes National Bank assigns, as cross error, the dismissal of its cross complaint.

The first, second and third paragraphs of the appellant's complaint are the same as in the case of *Sterne* v. *McKinney, post,* p. 578. And, according to the rulings in that case, the court below erred in sustaining the demurrers to the first paragraph of the complaint. The demurrers to the second and third paragraphs were properly sustained.

We think the fourth paragraph of the appellant's complaint is substantially the same as the third. True, it is stated in the fourth paragraph that, by a contract made by the bank with Hargrove and Trippet, it agreed "that if the said Jacob W. Hargrove would procure one or more good and sufficient sureties to enter themselves bail for the payment of the one undivided half of said judgment, and if said Trippet would procure one or more good and sufficient sureties to enter themselves bail for the payment of the other half of said judgment, said bail to be accepted by the sheriff of said county, then said bank would extend the time of payment of said judgment, and withhold execution thereon, for the period of one year from said date of July 31st, 1875."

It is averred that this agreement was performed on the part of Hargrove and Trippet; that they procured the bail as stipulated, and that time was in fact given.

It is insisted by appellees' counsel, with much ingenious plausibility, that the question is not whether the contract of bail was valid or invalid as between the bail and the bank; that the real question is, was the agreement between the bank and Hargrove and Trippet based upon a sufficient consideration? That to procure the thing stipulated for to be done, caused Hargrove and Trippet some trouble, some inconvenience, and that such trouble and inconvenience constitute a sufficient consideration; that it was not necessary that any benefit should accrue to the bank. The argument is plausible, and, if such trouble and inconvenience constituted the real consideration contemplated by the contracting parties, it would be unanswerable. But it is quite obvious that this was not the consideration in the minds of the parties at the time

the contract was made. It was not the purpose or intention of either of the parties to contract for this trouble or inconvenience. The security of the judgment was the real consideration, and the inconvenience mentioned was merely incidental to the actual consideration for the promise on the part of the bank. The trouble or inconvenience which may result from the doing of an act, which is the consideration of a promise, is something different from the consideration itself. The motive for the promise on the part of the bank was the securing of its debt, a real and substantial benefit, not the trouble or inconvenience which its attempted performance might occasion Hargrove and Trippet. The judgment not having been secured, the bank was at liberty at any time to take out execution upon it. It is not shown in this case that by the return of the execution any lien on the personal property of Hargrove and Trippet was lost. We think there was no error in sustaining the demurrer to this paragraph of the complaint.

Nor was there any error in dismissing the cross complaints filed by the bank. *Sterne* v. *The First Nat. Bank of Vincennes, post*, p. 560.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below, sustaining the demurrer to the first paragraph of the appellant's complaint, be reversed, at the costs of the appellee.

NIBLACK, J., was absent.

### ON PETITION FOR A REHEARING.

MORRIS, C.—The Vincennes National Bank, one of the appellees, asks for a rehearing of this cause. The ground urged for a rehearing is thus stated in the petition :

" The court erred in its opinion in the conclusion, that when a judgment is rendered against principals and sureties, and an execution against the property of the judgment defendants issued thereon, and the principals have personal property within the jurisdiction of the officer having the writ, on which it might

be levied, and the same is returned with the consent of the creditor, although no levy had been made, the sureties are released to the extent of the amount that might have been made by proceeding with the writ, and which can not afterward be made available."

The counsel admit that the authorities are divided upon the above proposition, and that it is not without reason for its support, but they insist that the question is settled by the cases of *Jerauld* v. *Trippet,* 62 Ind. 122; *Hogshead* v. *Williams,* 55 Ind. 145; and *Lamb* v. *Trippet,* 64 Ind. 600.

The case of *Hogshead* v. *Williams* simply holds that the voluntary delay of a judgment plaintiff to take out execution on his judgment will not discharge the surety, though the principal judgment debtor had property out of which the judgment might have been satisfied had execution been issued. No lien had been acquired on the property of the principal debtor. It is the well settled law, and we know of no case to the contrary, that the creditor is not bound to active exertion to secure a lien upon the property of his principal debtor for the benefit of the surety. It is equally well settled, as a general rule, that, having secured such lien, the creditor is bound to retain it for the protection of the surety of his principal debtor. Brandt on Suretyship, sections 370, 371 and 372.

Under the law of Indiana, the execution from the time the officer receives it operates as a lien upon the personal property of the judgment debtor. By the issuing of the execution, the creditor has secured a lien on the property of his principal debtor, and there is nothing unreasonable or unjust in requiring him to retain and render the lien thus acquired available. To hold that the voluntary release of such a lien discharges the surety to the extent that he is thereby injured, is supported alike by reason and the general principles of the law, and affords the creditor no just cause of complaint.

But it is insisted that the case of *Jerauld* v. *Trippet, supra,* is this case, and that it decides the precise question here involved. It is obvious that it was not so regarded by the distinguished

judge who prepared the opinion. He says that the question in that case was decided in the case of *Hogshead* v. *Williams, supra.* It is clear that he regarded the question as one of delay merely—no mention being made of the lien acquired by the execution. The judge says:

" In the case we are now considering, there was no agreement to extend the time of the levy. It was a mere indulgence that could be countermanded at any moment, not founded upon any consideration; it did not change the obligation, and was not binding upon any person."

The creditor's attorney told the officer not to levy the writ. No lien was abandoned, though the property was sold by the principal debtor while the execution was in the hands of the officer. The court regarded the directions given to the officer by the creditor's attorney as a mere delay, an indulgence which he might give his principal debtor without discharging his surety. In the case before us the lien acquired by the execution was abandoned. The question is not considered in the cases referred to, and is not, therefore, concluded by them.

The case of *Lamb* v. *Trippet* is disposed of by the simple statement that the questions are the same as those decided in *Jerauld* v. *Trippet.*

We think that the better reason and the weight of authority support the conclusion reached in this case, and that the petition for a rehearing should be overruled.

PER CURIAM.—Petition overruled.