.JONATHAN ANDREWS *et al. vs.* HARRY C. TALLMAN *et al.*

NOVEMBER 16, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)  *Bonds. Suretyship. Separate Petitions for New Trial.*

The principle that where they have separate counsel and defences one of two joint tort defendants may move for a new trial, applies to the case of a principal and surety upon a bond.

·(2)  *Bonds. Pleading.*

Under the plea of *non est factum,* a surety upon a bond is entitled to prove fraud in the execution of the bond whereby the instrument never had a legal existence.

(3)  *Bonds. Fraud.*

Fraud to be a defence to an action upon a bond, against the surety, must relate to the execution of and not to collateral matters relating to the contract unless the fraud be that of the obligee.

(4)  *Bonds. Fraud.*

Where fraud in matters other than those relating to the genuineness of the signature on the bond is practiced by one of two co-obligors upon the other who is in full possession of his faculties, able to read and write, and the fraud is entirely unknown to the obligee, evidence of such fraud can not be introduced under any plea; and even if such fraud could be established it would not release the obligors from liability on the bond.

·(5)  *Bonds. Evidence. Compromise. Suretyship.*

In an action against a surety upon a bond given to release an attachment, evidence as to negotiations for a settlement between plaintiff and the original defendant (principal on the bond) was properly rejected, where there was no evidence to show that witness had authority to act for the ·defendant in the negotiations or that plaintiff knew of them or that they had any result.

DEBT ON BOND.   Heard on exceptions of defendant surety and overruled.

BARROWS, J.   Heard on motion for new trial because of alleged errors in rejecting certain evidence offered by defendant Tallman.

A suit brought by the Rhode Island Boiler Works against the Seymour Chemical Company, Inc., resulted in a verdict for plaintiff.   In that suit an attachment upon property of the Chemical Company was released by a bond given to the

sheriff Jonathan Andrews conditioned upon the payment of any judgment recovered by the Boiler Works. The Seymour Chemical Company, Inc., and Harry C. Tallman were principal and surety respectively on the bond. After the failure of the Chemical Company to pay the judgment the present action for debt on bond was commenced against the obligors. Each appeared, pleaded and defended separately. Defendant Tallman's plea was *non est factum.*

At the trial Tallman sought to show that he was induced to sign the bond by an assurance said to have been falsely made by one Mann, the treasurer of the Seymour Chemical Company, Inc., and signer of the bond on behalf of the Company, that the claim upon which the Boiler Works had sued was against Mann personally and not against the Company. There was no assertion or offer of evidence that either the Boiler Works or the sheriff participated in, knew of or was present at the time of the making of any such statements. Mann was also asked by Tallman's counsel whether negotiations for settlement had not taken place between witness and the Boiler Works. No offer of proof nor any claim was made that these negotiations had resulted in any agreement or settlement. The trial court rejected both offers of evidence and defendant Tallman alone is now here on exceptions to these rulings.

(1)     Where they have separate counsel and defences the right of one of two joint tort defendants to move for a new trial has been recognized in *Conaty* v. *Torghen*, 46 R. I. 447. The principle upon which that case rests is equally applicable here.

(2)     The problem presented by disallowance of defendant's questions as to Mann's statements to Tallman is whether the particular evidence here offered was admissible. The authorities cited by defendant indicate that under the plea of *non est factum* he may be entitled to prove fraud in the execution of the bond whereby the instrument never had a legal existence as in cases of forgery, or where the signature is genuine but the contents of the bond have been misread

to an illiterate or where there has been a surreptitious substitution of a different bond from that which the obligor believed he was signing. Defendant's cases also hold that to constitute a defence considered from the standpoint of substantive law the alleged fraud must relate to the execution of and not to collateral matters relating to the contract unless the fraud be that of the obligee.

(3) *Phillips* v. *Potter*, 7 R. I. 289, recognizes the soundness of the above principles, saying at page 300: "When a party to a sealed instrument actually executes it, and is competent to execute it, and is not deceived as to its actual contents, he cannot avoid it upon the plea of *non est factum*, because it is his deed". The court then holds that defendant may show by special plea that he was induced to sign by fraudulent statements relating to the consideration if that fraud was practiced by the plaintiff. No special plea was here filed and no such claim has been made.

(4) Where fraud in matters other than those relating to the genuineness of the signature on the bond is practiced by one of two co-obligors upon the other who is in full possession of his faculties, able to read and write, and the fraud is entirely unknown to the obligee, evidence of such fraud can not be introduced under any plea. It has no materiality to the issue before the jury. Even if such fraud could be established it would not release the obligors from liability on the bond. *Carr* v. *Moore*, 2 Ind. 602; *Jenners* v. *Howard*, 6 Blackf. (Ind.) 240; *Dangler* v. *Baker* 35 O. St. 673; *Bigelow* v. *Comegys*, 5 O. St. 256; *Feigenspan* v. *Wilson*, 68 N. J. L. 83; *Moffatt* v. *Merchants Bank of Canada*, 11 Can. S. C. 46; 9 C. J. p. 23. The trial court therefore did not err in refusing to permit the proffered evidence.

(5) Nor was there error in refusing to permit testimony as to negotiations for a settlement. Apart from lack of any offer to show that Mann had authority to act for the Chemical Company in trying to settle the case or that plaintiff even knew of them, no contention was made that the negotiations had any result. No settlement was agreed upon, the talk

was immaterial and could in no way bind plaintiff without his knowledge.

The exceptions of the defendant are overruled and the case is remitted to the Superior Court with direction for entry of judgment on the verdict.

. *Edward C. Stiness, Daniel H. Morrissey, Francis J. O'Brien,* for plaintiff.

*John P. Beagan, Edmund F. Beagan,* for defendant.