### CROSS *v.* WOOD and Others.

SURETY.—GUARANTOR.—*Extension of Time.*—An agreement, made while the interest law of 1865 was in force, by a creditor with the principal debtor, without the consent of the surety or the guarantor, to give a limited time after the debt became due, in consideration of the payment in advance of four per cent. in excess of six per cent. interest, released the surety and the guarantor.

APPEAL from the Porter Circuit Court.

GREGORY, J.—Suit by the appellant on a promissory note and guaranty thereof against John Wood, Jr., Oliver Wood, John Wood, Sr., and Nathan Wood.

John Wood, Sr., was a surety, and Nathan Wood the guarantor. The defense successfully set up by them in the court below was, that the payee, knowing the relation of the parties to the note as principals and sureties, made an agreement with the principals to give three months time, in consideration of the payment in advance of four per cent. usurious interest, or four per cent. in excess of six per cent., without the knowledge or consent of the sureties.

The note was executed March 18th, 1865, due fifteen months after date. The suit was commenced on the 3d of October, 1867. The trial was had on the 21st of September, 1868. The contract to give time was made in the month of January, 1867.

At the time this contract was made the act of December 19th, 1865 (Spec. Sess. 1865, p. 176), was in force. By that act, the contract to pay more than six per cent. interest was void as to the excess, but money voluntarily paid could not be recovered back, directly or indirectly.

It is claimed that *Harbert* v. *Dumont*, 3 Ind. 346, is not good law; and that *Redman* v. *Deputy*, 26 Ind. 338, is not in point from the fact that in the latter case there was a payment of legal as well as usurious interest in advance.

The taking of usury is not *malum in se*, but only *malum prohibitum.* By the law in force when the contract for

delay was made it was not unlawful to take usury in advance.

The statute making the taking of usury a misdemeanor was repealed by the act of March 7th, 1861 (2 G. & H. 657, sec. 10). By the act of March 9th, 1867, it is provided, that all interest exceeding the rate of ten per centum per annum shall be deemed usurious and illegal as to the excess only. This was the law in force at the time of the trial, and by it, it was not usurious to take ten per cent. interest in advance. The validity of the agreement for the delay must, however, be tested by the law in force when the contract was made.

The evidence given on the trial in the court below is in the record, and by it, it is clear to our minds that substantial justice was done; and that there is no available error in the record.

The judgment is affirmed, with costs.

*T. J. Merrifield* and *W. H. Calkins,* for appellant.

*S. I. Anthony, F. Church, S. E. Perkins, L. Jordan,* and *S. E. Perkins, Jr.,* for appellees.