## ABEL *v.* ALEXANDER ET AL.

PRINCIPAL AND SURETY.—*Agreement to Extend Time of Payment.—Consideration.*—An agreement by the principal to continue to pay the same rate of interest specified in a promissory note, though greater than the legal rate, is not a sufficient consideration to sustain a promise to extend the time of payment, and an extension upon such consideration, without the knowledge or consent of the surety, does not discharge the surety.

*Pierce* v. *Goldsberry,* 31 Ind. 52, asserting a contrary doctrine, is overruled.

SAME.—The acceptance from the principal, by the creditor, of interest in advance, is a sufficient consideration for a promise of forbearance for the time for which interest is so paid, and such agreement discharges the surety if made without his consent.

SAME.—*Time of Forbearance.*—An agreement to extend the time of payment "to the summer" of a given year means until the first day of the first summer month, June; and an agreement to extend the time "until the fall" means to the 1st day of September. Courts take judicial notice of the seasons, and of the general course of agriculture.

From the Johnson Common Pleas.

*G. M. Overstreet* and *A. B. Hunter,* for appellant.

*T. W. Woollen, C. Byfield, S. P. Oyler,* and *D. Howe,* for appellees.

BUSKIRK, J.—This was an action by the appellant on a note executed by Alexander as principal and Jennings and Brown as his sureties. Alexander defaulted. Jennings and Brown each filed an answer in three paragraphs. A demurrer was sustained to the first paragraphs of these separate answers, and overruled to the second and third of each answer, to which latter ruling there was an exception. There was a reply in denial.

There was a trial by the court, and a finding in favor of Jennings and Brown.

The court overruled the appellant's motion for a new trial, and rendered judgment on the finding.

The appellant has assigned for error:

1. The overruling of the demurrers to the second and third paragraphs of the separate answers of Jennings and Brown.

2. The overruling of the motion for a new trial.

3. The overruling of the motion of the appellant to dismiss the action as to Jennings and Brown.

The action of the court in overruling the demurrers to the second and third paragraphs of the separate answers presents the first question for our decision.

The second and third paragraphs of the answer of Jennings were as follows:

"Par. 2. And the said defendant William H. Jennings, for further separate answer to the complaint herein, says that the sole consideration for the execution of the note sued on was received by the defendant Armstrong Alexander, and that said note was executed by said Alexander as principal, and by his co-defendants as sureties; of all of which said facts plaintiff had full notice at the time of the execution of said note; that afterward, to wit, on the 29th day of March, 1871, said defendant Armstrong Alexander paid upon the principal of said note the sum of three hundred dollars, and at the same time paid upon said note the further sum of thirty-seven dollars and fifty cents, as and for the interest due thereon from the date thereof up to the time of said payment, and at the same time agreed and contracted with the plaintiff that he would continue to pay plaintiff interest upon the balance due upon the principal of said note, at the rate of fifteen per cent. per annum until the summer of the year of 1871; in consideration of which said payment and promise of said Alexander, said plaintiff, without the knowledge or consent of this defendant, or of his co-defendant Nicholas Brown, then and there agreed with said Armstrong Alexander, that she would extend the time for the payment of the balance due on said note until the summer of the year 1871 aforesaid; wherefore defendant demands judgment, etc.

"Par. 3. And the defendant William H. Jennings, for further separate answer to the complaint herein, says that the sole consideration for the execution of the note sued on was received by his co-defendant Armstrong Alexander; that the said note was executed by said Alexander as principal,

and by his co-defendant, as sureties only; of all of which said facts plaintiff had full notice at the time of the execution of said note; that afterward, to wit, on the 29th day of March, 1871, said defendant Armstrong Alexander paid upon the principal of said note the sum of three hundred dollars, and at the same time paid upon said note the further sum of thirty-seven dollars and fifty cents, as and for the interest due thereon from the date thereof up to the time of said payment; and at the same time agreed and contracted with plaintiff that he would continue to pay plaintiff interest upon the balance due upon the principal of said note, at the rate of fifteen per cent. per annum during the summer of the year 1871; in consideration of which said payment, and the promise of the said Armstrong Alexander, said plaintiff, without the knowledge or consent of this defendant, or his co-defendant Nicholas Brown, then and there agreed and contracted with said Alexander that she would extend the time for the payment of the balance due on said note during the summer of the year 1871, aforesaid; wherefore defendant demands judgment," etc.

The second and third paragraphs of the answer of Brown, were as follows:

"Par. 2. And for a further and second paragraph herein, this defendant says that he ought not to be held to pay the note sued on in this case, because he says that after the maturity of said note, by an agreement between the said Armstrong Alexander and the said plaintiff, and without the knowledge or consent of this defendant, the said plaintiff extended the time of payment of said note, in consideration of the payment of fifteen per cent. interest thereon from the date of maturity until the summer of 1871. And this defendant avers that said note was given to the plaintiff by the defendant Alexander for one thousand dollars, the said defendant Alexander as principal, and this defendant and his co-defendant Jennings as indorsers; of all of which the plaintiff had notice; wherefore this defendant says that he demands judgment, etc.

" Par. 3. And for a further and third answer herein, this
defendant says that he ought not to pay the note sued on
in this cause, because he says that he signed said note with his
co-defendant Jennings as indorsers for said A. Alexander,
who signed the same as principal and received the money
therein, of which the plaintiff had notice ; that afterward,
when the said note became due, the plaintiff and defendant
verbally agreed, in consideration of the payment of fifteen
per cent. interest on said note, to extend the time of pay-
ment thereof from the date of maturity until the fall of
1871 ; wherefore this defendant demands judgment," etc.

The substance of the second paragraph of Jennings'
answer is, that he and his co-defendant executed the note as
sureties for Alexander ; that on the 29th of March, 1871,
Alexander paid on said note the sum of three hundred and
thirty-seven dollars and fifty cents, three hundred dollars
being paid on the principal, and thirty-seven dollars and fifty
cents as and for the interest up to that date ; and that the
appellant, in consideration of the agreement and promise of
Alexander to continue to pay interest on said note at the rate
of fifteen per cent., agreed to and did, without the knowledge
or consent of himself or co-defendant, extend the time of pay-
ment of the principal of said note until the summer of 1871.

The third paragraph is the same as the second, except it
is alleged that the appellant extended the time of payment
during the summer of 1871.

The second paragraph of the separate answer of Brown
alleges, in substance, that the note was executed by Alexan-
der as principal, and himself and co-defendant as sureties ;
and that the appellant, after the maturity of the note, in con-
sideration of the payment of fifteen per cent. interest thereon
from the date of maturity until the summer of 1871, with-
out the knowledge or consent of the sureties, extended the
time of payment of such note until the summer of 1871.

The third is the same as the second, except in the third it
is alleged that the agreement was verbal, and that the time
was extended until the fall of 1871.

Two questions are presented for our decision:

1st. Was there an agreement to extend the time of payment to a certain definite and fixed time?

2d. Was such agreement based upon a sufficient consideration?

It was held in this court in *Menifee* v. *Clark*, 35 Ind. 304, that "the law is well settled, that to discharge a surety on account of indulgence granted to the principal, the indulgence must be for a definite period of time, founded upon a new consideration. There must be a new contract concluded between the creditors and the principal debtor, by which the hands of the former are tied for a definite period of time, from suing the latter. No such contract is shown in this case."

The ruling in the above case is fully supported by the elementary writers and adjudged cases.

It is contended by counsel for appellant, that an agreement to extend the time until the summer of 1871, or until the fall of 1871, is uncertain and indefinite, and does not amount to a valid agreement; and the case of *Draper* v. *Romeyn*, 18 Barb. 166, is mainly relied upon as supporting such position. In that case, the agreement was, that "it might remain for some days," and it was held to be too indefinite.

Parsons on Notes & Bills, vol. 1, p. 38, states the rule thus: "The time when the money is to be paid is also to be certain. Here, however, the rule that what can be made certain is certain, is permitted to operate."

In *Cota* v. *Buck*, 7 Met. 588, the instrument was in this form: "For value received, I promise to pay to John Pero or bearer, five hundred and seventy dollars, it being for property I purchased of him in value at this date, as being payable as soon as can be realized of the above amount for the said property I have this day purchased of said Pero, which is to be paid in the course of the season now coming;" Held, it was a negotiable promissory note. SHAW, C. J., said: "This note, we think, was payable by the promisor at all events, and within a certain limited time. The note is

obscurely written and ungrammatical. But we think the meaning was this; that the signer, for value received in the purchase of property, promised to pay Pero or bearer the sum named, as soon as the termination of the coming season, and sooner, if the amount could be sooner realized out of the fund. Such reference to the sale of the property was not to fix the fund from which it was to be paid, but the time of payment. The undertaking to pay was absolute, and did not depend on the fund. So as to the time, whatever time may be understood as the 'coming season;' whether harvest time or the end of the year, it must come by mere lapse of time, and that must be the ultimate limit of the time of payment." See the various instances given, and numerous cases cited, on pp. 38, 39, 40, 41, and 42, of 1 Parsons Notes & Bills.

The courts take judicial notice of seasons, and of the general course of agriculture. 1 Greenleaf Ev., sec. 5 ; *Floyd* v. *Ricks*, 6 Eng. 452. We think the true meaning of the dates named in the answers is, "until the summer of 1871" means up to the commencement of summer, or the 1st of June; and "until the fall of 1871" means until the commencement of the fall season, or the 1st of September, of that year. The time during which the indulgence was granted, as stated in the second paragraph of the answer of Jennings, and in the second and third paragraphs of the answer of Brown, can be made certain. But the time stated in the third paragraph of the separate answer of Jennings is more uncertain and indefinite, and that was "during the summer of 1871.".

We proceed to inquire whether the agreement to extend the time of payment was supported by a sufficient consideration. The consideration stated in the second paragraph of the separate answer of Jennings was, that Alexander, the principal, would "continue to pay to plaintiff interest upon the balance due upon the principal of said note, at the rate of fifteen per cent. per annum until the summer of 1871." The consideration stated in the third paragraph was the same as in the

Abel v. Alexander *et al.*

second, except the interest was to be paid until the fall of 1871. It was expressly agreed in the note that it should bear interest at the rate of fifteen per cent. per annum. The rate of interest specified in the note was usurious beyond ten per cent. In an action upon the note, usury being pleaded as a defence, the excess beyond ten per cent. only could have been recouped. *Yancy* v. *Teter*, 39 Ind. 305. This court has repeatedly decided that the payment of usurious interest in advance constituted a sufficient consideration to support an agreement to extend the time of payment of the principal. *Harbert* v. *Dumont*, 3 Ind. 346; *Redman* v. *Deputy*, 26 Ind. 338; *Calvin* v. *Wiggam*, 27 Ind. 489; *Cross* v. *Wood*, 30 Ind. 378.

The ruling in the above cases was based upon two grounds:

1st. That the payment included legal interest.

2d. That although the usurious interest might be recovered back in an independent action, or might be recouped in an action upon the note, the use of the usurious interest constituted a sufficient consideration for the agreement to extend the time of payment of the principal of the note.

Inasmuch as the agreement in the present case embraced legal as well as usurious interest, the question is necessarily and unavoidably presented, whether a mere agreement to pay the same rate of interest as that specified in the note constitutes a sufficient consideration to support an agreement to extend the time of payment.

It is well settled by the whole current of the authorities, English and American, that to extend the time of payment so as to discharge the sureties, there must be a new contract based upon a sufficient consideration; and the very decided weight of authorities hold that there must be not only a sufficient, but a new consideration. It is equally as well settled, that a mere forbearance to sue, not supported by a sufficient consideration, will not discharge the sureties.

It was held in *Braman* v. *Howk*, 1 Blackf. 392, that an agreement to pay twenty per cent. interest, there being no

payment of interest in advance, was not based upon a sufficient consideration. The ruling in the above case was followed in the subsequent cases of *Naylor* v. *Moody*, 3 Blackf. 92, and *Coman* v. *The State*, 4 Blackf. 241.

In the case of *Harter* v. *Moore*, 5 Blackf. 367, the question came squarely before this court, whether an agreement to pay the same rate of interest as that agreed in the note constituted a sufficient consideration to extend the time of payment, and it was held that it did not. The court say : " The plea avers, that in consideration that Harter had agreed to pay ten per cent. on the notes, Moore contracted to prolong the time of payment. The notes upon their face drew ten per cent. interest ; therefore no consideration is shown for the agreement to postpone the payment, which, for that reason, were there no other, was not binding upon Moore, and could not affect the rights of the surety."

The ruling in the above case has been adhered to and followed by a long and unbroken line of decisions down to the rendering of the opinion in the case of *Pierce* v. *Goldsberry*, 31 Ind. 52. In that case, it was held, that the oral agreement of the principal debtor to pay merely the same interest that the note would have borne if the indulgence had been given voluntarily, is a sufficient consideration for such promise of forbearance.

The opinion in the above case was by a divided court. We have, after a most careful and thorough examination of the adjudged cases in England and in this country, found only one case which supports the ruling in the above case, and that is the case of *McComb* v. *Kittridge*, 14 Ohio, 348, and that case is overruled in the case of *Jones* v. *Brown*, 11 Ohio St. 601.

In 2 Hare & W. Lead. Cas. 469, the case of *Chute* v. *Pattee*, 37 Maine, 102, is referred to as holding the same doctrine.

In that case, it was held that the payment of the interest up to date, and a written agreement endorsed on the back of the note to pay the interest on the same, constituted a valid consideration for an agreement to extend the time of payment for one year.

The authorities cited in that case hold that a parol promise to pay the interest is not sufficient, and the case of *Gahn* v. *Niemceivicz*, 11 Wend. 317, holds that a negotiable promissory note for the interest will be equal to the actual payment of the interest in advance.

In the notes of Hare and Wallace, just preceding such reference, the law is stated thus : " It is well settled in accordance with this doctrine, that the payment of interest in advance will uphold an agreement for forbearance and discharge the surety." In support of this doctrine, reference is made on that and the preceding page to some forty or fifty cases, and immediately following the reference to the case of *Chute* v. *Pattee, supra,* is a reference to thirteen cases holding the opposite doctrine. While the case of *Chute* v. *Pattee* holds that a written promise to pay interest is sufficient, we have found several cases in that State holding that the payment of interest in advance will constitute a sufficient consideration for forbearance and will discharge the surety. *Bagley* v. *Buzzell,* 19 Maine, 88; *Lime Rock Bank* v. *Mallett,* 34 Me. 547; S. C., 42 Me. 349. In *Andrews* v. *Marrett,* 58 Maine, 539, it was held that the acceptance by the creditor from the principal debtor, without the knowledge or consent of the surety, of a negotiable note, for an antecedent debt, discharged the surety thereon. In *Hunt* v. *Postlewait,* 28 Iowa, 427, it was expressly held that an agreement to pay the same rate of interest as that named in the note constituted no consideration for an agreement to extend the time of payment, but it was held that the payment in advance of the same rate of interest as that agreed upon would constitute a new and sufficient consideration and discharge the surety. The ruling in *Pierce* v. *Goldsberry, supra,* is not only not supported by any recognized adjudged case, but stands opposed by the whole weight and current of authorities in England and America. It is therefore expressly overruled upon the point under examination. It is of the utmost importance to the trade and commerce of the State that our mercantile law should be in harmony with that of our sister states.

It results, from what we have said, that the second and third paragraphs of the separate answer of Jennings were bad, because the agreement to extend the time of payment was not supported by a new and sufficient consideration, and the court erred in overruling the demurrer to them.

In the second and third paragraphs of the separate answer of Brown, the consideration for the extension of time is stated to be the payment of fifteen per cent. interest from the time of making such agreement for and during the time payment was prolonged, and in our opinion this constituted a new and sufficient consideration, and the court committed no error in overruling the demurrer to them. But such answers were wholly unsupported by the evidence. There was no proof of the payment of any interest in advance.

The judgment is reversed, with costs; and the cause is remanded, with directions to the court below to sustain the demurrer to the second and third paragraphs of the answer of Jennings, and for a new trial in accordance with this opinion.