## CHRISMAN *v.* TUTTLE ET AL.

59  155
136  160

PROMISSORY NOTE.—*Principal and Surety.*—*Notice.*—A verbal notice by a surety on a promissory note, to the holder thereof, to proceed at once to collect the note of the principal, and a verbal agreement by said holder so to do, do not waive the notice in writing required by the statute; and a failure to proceed according to the verbal agreement will not operate to release the surety.

SAME.—*Extension.*—*Consideration.*—An extension of the time of payment of a promissory note, upon the consideration that the principal will annually pay interest on the note at the rate stipulated therein, will not release the surety.

SAME.—*Date of Notice in Writing.*—*Sunday.*—*Judicial Notice.*—The Supreme Court will take judicial notice, that the date of a notice in writing, claimed to have been given by a surety to the holder of a promissory note, to proceed to collect the same of the principal, is on Sunday, and that said notice, if given at all, may have been given on that day, and, if so given, was void.

From the Warren Circuit Court.

*W. P. Rhodes*, for appellant.

*J. W. Sutton*, for appellees.

PERKINS, J.—Tuttle sued Briggs and Chrisman upon a promissory note. Chrisman was surety upon the note. Briggs made default. Chrisman defended.

One paragraph of his answer averred, that he, at a certain time, " notified the plaintiff that he would no longer remain as surety on the note, and that he " (plaintiff) " must proceed at once to collect the same from Briggs, who was then solvent; that the plaintiff then agreed to proceed and collect the note from Briggs, and by said agreement waived the notice for such purpose to be given in writing."

The fourth paragraph of his answer was as follows: " That he was surety on said note, as the plaintiff well knew, but that, in consideration of the payment of the interest on said note, from year to year, by the defendant Briggs, the said plaintiff agreed to and did extend the time for the payment of the principal of said note; and this defendant avers, that said agreement was so made, and fully performed and executed for the years 1867, 1868, 1869, 1870, 1871, 1872, 1873, 1874 and 1875, from the 24th day of January of each year to the 24th day of January of the following year, and that said agreement was so made, and the extension given, without the knowledge and consent of this defendant, and contrary to his special instructions to said plaintiff to collect said note from said defendant Briggs without delay; wherefore, and by reason of said facts, this defendant avers, that he is discharged from liability on said note. Wherefore," etc.

The court sustained demurrers to the second and fourth paragraphs of answer. The sustaining of the demurrers is assigned for error.

The second paragraph of answer alleges as a fact, that the defendant Chrisman notified the plaintiff verbally to

proceed and collect the note from Briggs, the principal debtor, and that he promised to do so. The paragraph then avers, as a conclusion of law, that by said agreement the plaintiff waived notice in writing. We do not think the facts justified the conclusion of law. We think there was no error in sustaining the demurrer to the second paragraph of answer. *Halstead* v. *Brown*, 17 Ind. 202.

The fourth paragraph of answer avers the giving of time, from year to year, on the note, in consideration of the payment of the interest on it. The note, by its terms, drew interest from date, at ten per cent. Under the decision in *Pierce* v. *Goldsberry*, 31 Ind. 52, the fourth paragraph of answer might be held valid. But that case has ceased to be authority. It was overruled by the decision in the case of *Abel* v. *Alexander*, 45 Ind. 523, a case directly in point in the one now before us, and which we follow, as declaring the better law. *White* v. *Whitney*, 51 Ind. 124; *Bucklen* v. *Huff*, 53 Ind. 474; *Hogshead* v. *Williams*, 55 Ind. 145. See, as to other acts which may discharge a surety, *Holland* v. *Johnson*, 51 Ind. 346. Giving time for a definite period on a note drawing interest, upon a promise to continue to pay the same rate of interest, is not a contract that will release the surety. *Abel* v. *Alexander, supra.*

Issues of fact were formed and tried by a jury, who found a verdict for the plaintiff, and there was judgment over a motion for a new trial, on the verdict.

The only issue, upon which any question arises in this court, was upon the fifth paragraph of the answer, alleging the giving of a written notice by the surety to the payee of the note to sue upon it.

By finding for the plaintiff, the jury, upon the issue of which we are speaking, must have found either that no such notice was given, or that that given was invalid.

The conflict in the evidence, as to whether any such notice was given, might have justified the verdict of the jury on this issue; but this court judicially knows, that

the date of the written notice claimed to have been given was Sunday; and, if given at all, may have been given on that day, and was therefore void. In view of these facts, an instruction given to the jury upon the point was entirely harmless; it could not have prejudiced the defendant.

The judgment is affirmed, with costs.