MILLER ET AL. *v.* ARNOLD.

PRINCIPAL AND SURETY.—*Extension of Time.*—An agreement between the holder and principal, for an extension of the time of payment of a promissory note, indefinitely, on payment of the interest, will not discharge the surety.

SAME.—*Verbal Agreement to Sue.*—A violation by the holder, of a verbal agreement with the surety to at once sue the principal, will not discharge the surety.

SUPREME COURT. ·*Practice.—Appeal without Notice to Co-Party.—Assignment of Errors.—Dismissal of.*—A judgment having been rendered against a principal and surety jointly, the latter, without giving notice to the former, appealed to the Supreme Court and assigned errors in the names of both, whereupon the principal, by affidavit denying notice of the appeal, moved to strike from the record his name and pretended assignment of errors.

*Held,* that the motion should be sustained, but that that does not affect the surety's appeal.

From the Shelby Circuit Court.

*A. Major* and *S. Major,* for appellants.

*B. F. Love,* for appellee.

PERKINS, J.—Mary Arnold sued the makers thereof upon a promissory note, in terms as follows:

" $1,000.                         · July 29th, 1873.

" Twelve months after date we promise to pay to the order of Mary .Arnold, negotiable and payable at the First National Bank of Shelbyville, Indiana, one thousand dollars, with interest at the rate of ten per cent. per annum from date, and with attorney's fees if suit be instituted on this note. Value received, without any relief from valuation or appraisement. The drawers and endorsers severally waive presentment for payment, and notice of protest for non-payment of this note.       BENNETT POWELL,

"WILLIAM MILLER, Security."

Powell answered. He is not a party to this appeal.

Miller answered as follows, viz.: That he signed said note as surety for said Powell; that he received no part of the consideration therefor, of which the plaintiff had no-

tice; that, after said note became due, said Miller verbally requested said plaintiff, then the holder of said note, to sue upon and collect said note, which she promised to do; that said Miller, relying on said promise, omitted to give said plaintiff written notice to sue, and rested in the belief that suit had been instituted; that said Powell was then good and able to pay; that said plaintiff did not institute any suit prior to the present suit, but fraudulently, and without the knowledge of said Miller, agreed to give said Powell time indefinitely for the payment of the principal of said note, if he, said Powell, would promptly pay the interest thereon, as from time to time it should become due, which said Powell promised to do; that said plaintiff did forbear, etc., without the knowledge of said Miller; that, had suit been instituted on the note against said Powell, the money due on said note could have been. collected, etc. Wherefore said Miller says he is discharged, and the plaintiff estopped to sue him on said note. The answer does not allege that Miller informed Mrs. Arnold that he would no longer remain as surety on the note.

A demurrer was sustained to this answer, and exception entered. Said Miller refused to answer further, and judgment was rendered against both defendants. No exception was taken to the judgment, and no motion made to modify it.

A transcript of the record of the cause was filed in this court and errors assigned in the name of both the defendants below, as follows:

1. The court erred in sustaining the demurrer to said Miller's answer;

2. The court erred in rendering judgment for said Mary Arnold, against said Miller;

3. The court erred in rendering judgment against said Powell.

On the 12th of August, 1878, Powell filed in the office of the clerk of the Supreme Court the following affidavit:

o

"Comes now said Bennett Powell, and shows to the court that he is the identical Bennett Powell who is joined as an appellant in this cause; that such joinder and use of his name as an appellant are without his authority or consent; that he hereby refuses to join as one of the appellants in this cause; that he had no notice or knowledge of such joinder until his attention was called to the record this day, nor had he any knowledge, until this day, that said cause had been appealed to the Supreme Court of the State of Indiana. He also shows that Major and Major are not his attorneys, and were not, in the court below. Wherefore he moves the court to strike his name and his pretended assignment of errors from the record as an appellant.    BENNETT POWELL."

The above was duly verified.

Under this affidavit the name of Bennett Powell will be regarded as struck from the record. See 2 R. S. 1876, p. 239, sec. 551, noté *a*.

This does not affect the appeal of Miller.

As no exception was taken to the judgment below, it only remains to consider the first assignment of error, viz., that the court erred in sustaining the demurrer to the answer of Miller.

The court did not err in sustaining said demurrer.

The following propositions are settled law in this State, on the subject of principal and surety:

1. Mere delay in proceeding to collect the debt, where time is not given by a binding agreement, does not discharge the surety. *Kirby* v. *Studebaker*, 15 Ind. 45.

2. The giving of time to the principal, for the payment of the debt, in order to discharge the surety, must be for a definite time, and upon a valuable consideration. *Tracy* v. *Quillen*, *ante*, p. 249 ; *Huff* v. *Cole*, 45 Ind. 300 ; *Abel* v. *Alexander*, 45 Ind. 523 ; *Chrisman* v. *Tuttle*, 59 Ind. 155 ; *Brooks* v. *Allen*, 62 Ind. 401.

3. A verbal request by the surety, to the holder of a note, to enforce its payment by suit against the principal, is unavailing to discharge such surety, when disregarded by such holder. *Carr* v. *Howard*, 8 Blackf. 190 ; *Colerick* v. *McCleas*, 9 Ind. 245 ; *Overturf* v. *Martin*, 2 Ind. 507 ; *Halstead* v. *Brown*, 17 Ind. 202, and cases cited ; *Chrisman* v. *Tuttle, supra.*

4. The payee of a note may release a surety by surrendering securities placed in his hands by the principal. *Holland* v. *Johnson*, 51 Ind. 346.

At law the surety could not take any steps to compel the creditor to proceed to collect or secure his claim against the principal. *Halstead* v. *Brown*, 17 Ind. 202; *Pierce* v. *Goldsberry*, 31 Ind. 52.

Chancery first gave this right, by sustaining bills in that court to enforce it, provided the surety would indemnify the creditor against loss, should the suit prove fruitless. Brandt Suretyship & Guaranty, sec. 205.

The next step was to hold that the surety might be discharged, by giving notice to the creditor to sue. Brandt, *supra,* sec. 206.

But "The great majority of cases on the subject hold, in the absence of any statutory provision, that if after the debt is due the surety request the creditor to sue the principal, who is then solvent, and the creditor fails to do so, and the principal afterwards becomes insolvent, the surety is not thereby discharged. The ground upon which these decisions rest is, that the principal and surety are both equally bound to the creditor, who may have taken a surety in order that he might not have to sue the principal. If the surety desires a suit brought against the principal, he may himself pay the debt, and immediately sue the principal. The contrary doctrine is an innovation, and was unknown to the common law." Brandt, *supra,* sec. 208.

In this State, we have a statute providing for written notice. 2 R. S. 1876, p. 276.

It is conceded that there is a minority of cases on the subject, which hold that a surety, by verbal request, may, compel the creditor to proceed by suit against the principal. Brandt, *supra*, sec. 206. But that writer observes, that the notice, whether verbal or written, " should be so clear and distinct that the meaning of the surety can be at once apprehended without explanation or argument; " that " It has been held that the request to sue must be accompanied by an explicit declaration that unless suit is brought the surety will no longer remain liable." See, on this point, *Kaufman* v. *Wilson*, 29 Ind. 504.

No such notice was given in this case; and it is not necessary that we should express an opinion as to its materiality.

The judgment is affirmed, with costs.