### No. 9663.

### MENDEL v. CAIRNES, ADMINISTRATOR.

PRINCIPAL AND SURETY.—*Notice in Writing.*—*Answer of Surety.*—*Demurrer.*—Under sections 1210 and 1211, R. S. 1881, in an action on a promissory note, the answer of a surety, to the effect that he had notified the creditor to sue forthwith on the note, which had not been done, is insufficient on a demurrer thereto for the want of facts, if it do not allege that such notice was in writing.

SAME.—*Agreement to Sue.*—*New Consideration.*—*Nudum Pactum.*—Where, in

such case, the surety's answer sets up the creditor's agreement to sue forthwith and a breach of such agreement, and does not show that it was founded upon a new consideration, the agreement was a mere *nudum pactum*, and the answer is bad on demurrer.

From the Dearborn Circuit Court.

*O. F. Roberts*, for appellant.

*W. S. Holman* and *W. S. Holman, Jr.*, for appellee.

HOWK, J.—This was a suit by the appellee, as administrator of the payee, against the appellant and one Frederick Brinkman, as the makers, of a promissory note. The appellant separately answered in a single affirmative paragraph; to which the appellee's demurrer, for the want of sufficient facts, was sustained by the court. The appellant refused to plead further, and judgment was rendered against him, for want of an answer, for the amount due on the note.

The appellant has assigned as error the decision of the circuit court in sustaining the demurrer to his answer to the complaint.

In his separate answer, the appellant admitted that he and Frederick Brinkman executed the note in suit, but he alleged in substance, that he executed the same as the surety of Brinkman, and in no other capacity, which fact the payee, Claudius Anderson, well knew; that after the execution of the note, and long after it became due, to wit, on the——day of——, 1870, the payee, Anderson, then in life, came to the appellant and desired to know what he, Anderson, should do in regard to the note; that the appellant then and there directed and instructed the payee, Anderson, to sue on the note without delay; that the appellant then informed Anderson that Brinkman was then solvent; that the judgment recovered on the note could be made off of said Brinkman, and that he, the appellant, was not willing to continue any longer as the surety of Brinkman on the note in suit; and that he, Anderson, then and there agreed with the appellant to institute an action on the note without delay; but the appellant averred that Anderson wholly failed to bring suit on the note, ac-

cording to his agreement with the appellant, and that he, Anderson, died on the 11th day of January, 1874, without having instituted such suit on the note. And the appellant further averred, that two years after Anderson so agreed with appellant to sue on the note, the said Brinkman, the principal in the note, became and was then and since wholly insolvent, so that judgment on the note could not have been made by execution against him. Wherefore the appellant said that appellee ought not to take anything by his suit, and prayed judgment for his costs.

It is manifest from the allegations of his answer, that the appellant intended thereby to secure the relief provided for a surety upon a written contract for the payment of money, in sections 672 and 673 of the civil code of 1852. In section 672 it was provided that any such surety might require, " by notice in writing, the creditor or obligee forthwith to institute an action upon the contract." The remedy given sureties for securing release from their written contracts for the payment of money was and is purely a statutory remedy, and has never been regarded, in this State, as a common law remedy. The surety's notice, requiring the creditor or obligee to sue forthwith, must be in writing ; a verbal notice is wholly insufficient. The agreement of the creditor or obligee with the surety, that he will sue forthwith, must be shown to have been founded upon a new consideration, and not to have been a mere *nudum pactum.* It is evident, therefore, from the foregoing summary of the appellant's answer, that it was wholly insufficient as a defence to appellee's action, and that the demurrer to the answer was correctly sustained. *Halstead* v. *Brown,* 17 Ind. 202; *Driskill* v. *Board, etc., of Washington Co.,* 53 Ind. 532; *Chrisman* v. *Tuttle,* 59 Ind. 155; *Miller* v. *Arnold,* 65 Ind. 488; sections 1210 and 1211, R. S. 1881.

The judgment is affirmed, with costs.