Cochran v. Orr et al.

## No. 11,317.

## COCHRAN v. ORR ET AL.

PROMISSORY NOTE.—*Principal and Surety.—Creditor's Failure to Sue.—Release of Surety.— Written Notice to Creditor by One of Two Sureties.—Effect of Such Notice.*—The mere neglect or failure of the payee or holder of a promissory note to bring suit thereon, at or after its maturity, in the absence of the "notice in writing" requiring him "forthwith to institute an action upon the contract," as provided in section 1210, R. S. 1881, will not exonerate or discharge a surety in the note from liability thereon; and where such notice has been given by one of two or more sureties, it can not be made available to the discharge of the surety or sureties, who gave no such notice, from liability on such note.

From the Fountain Circuit Court.

*T. F. Davidson, C. Booe, L. Nebeker* and *H. H. Dochterman,* for appellant.

*J. McCabe, L. P. Miller* and *C. M. McCabe,* for appellees.

HOWK, C. J.—In this case the appellees' demurrers were sustained by the circuit court to the appellant's complaint, and these rulings are assigned here as errors. The sufficiency of the facts stated in the appellant's complaint to constitute a cause of action, therefore, is the only question we are required to consider or decide.

In his complaint the appellant, Cochran, alleged that on the first day of March, 1876, he and one James Martin and others executed to the appellee John M. Carnahan a promissory note, of which the following is a copy:

"ATTICA, IND., March 1st, 1876.

" One year after date we promise to pay to John M. Carnahan, guardian of Robert E. Orr and Lawrence Orr, six hundred dollars, value received, without relief from valuation or appraisement laws; 10 per cent. per annum.

(Signed) " F. YERKES.
" WM. L. D. COCHRAN,
" A. L. WHITEHEAD,
" EDMOND COCHRAN,
" JAMES MARTIN, Security."

And the appellant averred that he and the said James Martin were sureties on such note for the other makers, and received no part of the consideration; that Franklin Yerkes was the principal debtor, and the other makers sureties for said Yerkes; that these facts were known to appellee Carnahan when he took said note; that after the maturity of the note, and in the month of March, 1877, the said James Martin gave to and served upon the appellee Carnahan, who was then and there the owner and holder of such note, a written notice to forthwith institute an action upon the note against the makers thereof; that he, Carnahan, did not institute an action on the note, as required by such notice, until the 15th day of August, 1877; that, on that day, he began an action on the note against the makers thereof, and on the 26th day of September, 1877, he obtained a judgment by default against the said makers in the court below.

And the appellant averred that, after obtaining such judgment, the appellee Carnahan did not proceed with diligence to take out an execution thereon, and did not prosecute his action to judgment and execution within a reasonable time, but delayed taking out an execution on said judgment until the 17th day of November, 1877, and thereafter failed and neglected to prosecute said execution or to cause the same to be levied upon the property of the principal debtor; that said Yerkes was then, and ever since had been, a resident of Fountain county, and had therein at the time said judgment was rendered, and for six months thereafter continued to have, ample property subject to execution to satisfy the same.

And the appellant further averred that, in a proceeding duly commenced in the court below, at its May term, 1883, wherein he was plaintiff, and said Yerkes was defendant, it was then duly adjudged by said court that he was only a surety for said Yerkes in said judgment. The appellant also averred that the appellees Robert E. Orr, J. Wilbur Orr, John C. Orr, and Richard S. Terrell, administrator of the estate of Lawrence F. Orr, deceased, claim to have acquired

some title to or interest in said judgment, and that they and the appellee Carnahan were threatening to cause an execution to issue upon said judgment against the appellant's property; that the appellee Carnahan and his co-appellees were then prosecuting a motion before the court below for leave to have an execution issued on said judgment; that appellant was the owner of real estate in Fountain county, and that said judgment was an apparent lien thereon and a cloud upon his title thereto; wherefore the appellant prayed that the appellees might be enjoined from prosecuting their motion for leave to issue execution on their said judgment, etc.

We are of the opinion that the facts stated in the foregoing complaint were wholly insufficient to entitle the appellant to any relief, legal or equitable, against the appellees or either of them, and that, therefore, no error was committed by the circuit court in sustaining the demurrers to such complaint. In section 1210, R. S. 1881, it is provided as follows: "Any person bound as surety upon any contract in writing for the payment of money or the performance of any act, when the right of action has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute an action upon the contract." And the next section, 1211, provides as follows: "If the creditor or obligee shall not proceed within a reasonable time to bring his action upon such contract, and prosecute the same to judgment and execution, the surety shall be discharged from all liability thereon."

It is manifest from the averments of his complaint that the appellant has sought to bring his case within the provisions of these two sections of the statute. He has averred that he was a surety only in the note set out in his complaint. But he has not averred that he ever required the creditor or payee of the note, by notice in writing, forthwith to institute an action upon the contract. In *Owen* v. *The State, ex rel.,* 25 Ind. 107, it was held by this court, that the mere neglect or failure of the creditor or obligee to sue, in the absence of the notice in writing required by the statute, will not exonerate

or discharge the surety from liability on the contract. *Chrisman* v. *Tuttle*, 59 Ind. 155; *Miller* v. *Arnold*, 65 Ind. 488; *McCoy* v. *Lockwood*, 71 Ind. 319; *Franklin* v. *Franklin*, 71 Ind. 573; *Mendel* v. *Cairnes*, 84 Ind. 141.

The appellant has sought to cure the manifest defect in his complaint, in this particular, by averring therein that another surety in the note, copied in his complaint, had required the creditor or payee, by notice in writing, forthwith to institute an action upon the contract, and that the creditor or payee had not, upon such written notice, proceeded within a reasonable time to bring his action upon such contract, and had not prosecuted such action with diligence to judgment and execution. If these facts had been pleaded at the proper time by such other surety, they might have afforded him sufficient ground, perhaps, to claim that he was thereby discharged from all liability upon the contract. But we fail to see upon what legal ground the appellant can claim that these facts can be made available to his discharge from all liability upon the contract. He did not require the creditor or payee, by notice in writing, forthwith to bring an action upon the contract, and, therefore, the creditor or payee did not owe him any diligence either in bringing an action upon the contract, or in prosecuting the same to judgment and execution.

We conclude, therefore, as we began, with the opinion that the demurrers to the appellant's complaint were correctly sustained. The judgment is affirmed with costs.

