Filed Sept. 24, 1890.

No. 14,089.

## MAY *v.* REED ET AL.

PRINCIPAL AND SURETY.—*Promissory Note.—Neglect or Failure to Pursue Makers.— When Surety not Released.*—The mere neglect or failure of the holder of a note, in the absence of a statutory notice, to pursue the makers until the principal becomes insolvent, affords no ground for the exoneration of a surety. Mere delay in proceeding to collect the debt, in the absence of a binding agreement made upon a valid consideration, or the surrendering of securities, or the release of a lien, or some active fraud, which results in injury, which the surety had no means of averting, will not release the latter.

PLEADING.—*Answer.—Must Proceed on Definite Theory.*—It is necessary that the facts pleaded in an answer should make it good on the theory on which they were pleaded.

From the Jay Circuit Court.

*M. S. Williamson, L. I. Baker, J. M. Smith* and *C. Corwin*, for appellant.

*J. W. Headington, J. J. M. La Follette, D. T. Taylor* and *R. H. Hartford*, for appellees.

MITCHELL, J.—Nicholas May instituted this action against Charles Reed and Elias J. Marsh to recover the amount of a promissory note, payable to A. S. Jaqua, signed by Reed & Coffin, Elias J. Marsh and Daniel Shewand, as makers, and endorsed by the payee to Mason, and by the latter to the plaintiff. In one paragraph of his answer the defendant Marsh set up, in substance, that he and Shewand, who had since died, had signed the note as sureties for Reed & Coffin, and that the

plaintiff and his assignors well knew that the defendant was surety. It is averred that Coffin afterwards died, and that Reed became insolvent. It is alleged that at the time the note became due Coffin had property out of which the amount thereof might have been collected, but that the plaintiff made no effort to collect it, but concealed the fact from the defendant that the note was held or owned by him, and that he refrained from collecting it at the request and for the accommodation of Coffin until both Reed and Coffin became insolvent. It is also averred, in the same paragraph, that Mason, the plaintiff's assignor, paid the amount of the note to Jaqua, for Coffin, the payee, and took an assignment of the note, and held it as evidence of the amount advanced for the latter, and not as evidence of a debt against the makers of the note, and that he made no demand upon them, and no attempt to collect the note until after Coffin died.

· The facts pleaded in the answer show nothing more than mere passive inactivity on the part of the holder of the note to enforce collection against the makers until all of them, except the defendant Marsh, had died or become insolvent.

It is too thoroughly settled to justify citation of authority, that the mere neglect or failure of the holder of a note, in the absence of a statutory notice, to pursue the makers until the principal becomes insolvent, affords no ground for the exoneration of a surety. Mere delay in proceeding to collect the debt, in the absence of a binding agreement made upon a valid consideration, or the surrendering of securities, or the release of a lien, or some active fraud, which results in injury which the surety had no means of averting; will not release the latter. *Miller* v. *Arnold,* 65 Ind. 488, and cases cited ; *Wasson* v. *Hodshire,* 108 Ind. 26.

The answer was not aided by averments injected into it, tending to show that the note had been paid. There was another paragraph of answer, in which payment was pleaded. It was necessary that the facts pleaded in the answer should

make it good upon the theory on which they were pleaded, viz. : that the surety had been exonerated.

The record was properly amended in the court below so as to show the filing of a demurrer and the rendition of judgment.

For the error in overruling the demurrer to the answer in question the judgment is reversed, with costs.

Filed Sept. 25, 1890.